## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| BRANDOLYN HENDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CDR MAGUIRE, INC. and CDR HEALTH CARE, INC.,<br><br>Defendants. | **Case No.** _____<br><br>FLSA Collective Action<br><br><br><br><br><br><br><br>Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Brandolyn Henderson ("Henderson" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. CDR Maguire, Inc. and CDR Health Care, Inc. (together, "CDR") failed to pay Henderson, and other hourly workers, overtime as required by federal law.

3. Instead, CDR paid Henderson, and workers like her, the same hourly rate, even when they worked more than 40 hours in a workweek.

4. This collective action seeks to recover the unpaid wages and other damages owed to Henderson and other hourly workers at CDR.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because CDR's principal place of business is in this District.

7. CDR is headquartered in this District and Division.

## PARTIES

8. **Plaintiff, Brandolyn Henderson** is a natural person.

9. Henderson was, at all relevant times, an employee of CDR.

10. Henderson was an hourly-paid employee of CDR.

11. Henderson worked for CDR from October 2021 to March 2021.

12. Henderson's written consent is attached as **EXHIBIT 1**.

13. Henderson seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All hourly employees of CDR Maguire, Inc. and/or CDR Health Care, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

14. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

15. **Defendant, CDR Maguire, Inc. ("CDR Maguire")** is a foreign corporation.

16. CDR Maguire maintains its headquarters and principal place of business in this District and Division.

17. CDR Maguire may be served by service upon its registered agent, **Carlos A. Duart, 11740 SW 80th St., Ste. 102, Miami, FL 33183**, or by any other method allowed by law.

18. **Defendant, CDR Health Care, Inc. ("CDR Health Care")** is a domestic corporation.

19. CDR Health Care maintains its headquarters and principal place of business in this District and Division.

20. CDR Health Care may be served by service upon its registered agent, **Laura Farinas, 11740 SW 80th St., Ste. 102, Miami, FL 33183**, or by any other method allowed by law.

21. CDR Maguire and CDR Health Care share common employees

22. CDR Maguire and CDR Health Care share common back-office functions.

23. CDR Maguire and CDR Health Care share a common website.

24. CDR Maguire and CDR Health Care share common officers and management.

25. CDR Maguire and CDR Health Care share a common business purpose.

26. CDR Maguire and CDR Health Care share common policies and procedures regarding wages and hours of employees, including Plaintiff.

27. At all relevant times, CDR Maguire and CDR Health Care employed and/or jointly employed Henderson and the Similarly Situated Workers.

28. CDR Maguire and CDR Health Care are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

29. Throughout this Complaint, CDR Maguire and CDR Health Care are referred to jointly as "CDR."

### COVERAGE UNDER THE FLSA

30. At all relevant times, CDR Maguire was an employer of Henderson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all relevant times, CDR Healthcare was an employer of Henderson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. At all relevant times, CDR was an employer of Henderson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times, CDR Maguire was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all relevant times, CDR Healthcare was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. At all relevant times, CDR was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all relevant times, CDR has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. During at least the last three years, CDR Maguire has had gross annual sales in excess of $500,000.

38. During at least the last three years, CDR Healthcare has had gross annual sales in excess of $500,000.

39. During at least the last three years, CDR has had gross annual sales in excess of $500,000.

40. During at least the last three years, CDR Maguire was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

41. During at least the last three years, CDR Healthcare was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

42. During at least the last three years, CDR was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. During at least the last three years, CDR has employed many workers, including Henderson and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

44. CDR employs many workers, including Henderson and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

45. The goods and materials handled, sold, or otherwise worked on by Henderson, and other CDR employees and that have been moved in interstate commerce include, but are not limited to, construction and office equipment and supplies.

## FACTS

46. CDR provides engineering consulting services, emergency management solutions, and disaster health and medical services.

47. Henderson was an hourly employee of CDR.

48. CDR never paid Henderson a salary.

49. CDR never paid Henderson on a fee basis.

50. CDR paid Henderson by the hour.

51. CDR paid Henderson $50 per hour for each hour it credited her with working.

52. Henderson reported the hours she worked to CDR on a regular basis.

53. Henderson's hours are reflected in CDR's records.

54. CDR paid Henderson at the same hourly rate for all hours worked in a workweek.

55. CDR did not pay Henderson an overtime premium for all hours worked in excess of 40 in a workweek.

56. Instead, CDR paid Henderson "straight time" or her regular hourly rate for all overtime hours she worked.

57. Henderson normally worked more than 40 hours in a week.

58. For example, for the week beginning January 22, 2022, Henderson worked 51.5 hours for CDR, or 11.5 overtime hours.

59. For that pay period, CDR paid Henderson at her hourly rate of $50 per hour for all 51.5 hours.

60. Thus, rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Henderson only received "straight-time" pay for her overtime hours worked.

61. This "straight-time-for-overtime" payment scheme violates the FLSA.

62. CDR was aware of the overtime requirements of the FLSA.

63. CDR nonetheless failed to pay certain hourly employees, such as Henderson, overtime for all hours worked over 40 in a workweek.

64. CDR's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

65. CDR's illegal "straight time for overtime" policy extends well beyond Henderson.

66. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

67. CDR has paid many hourly workers according to the same unlawful scheme.

68. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

69. The workers impacted by CDR's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION–VIOLATIONS OF THE FLSA

70. Henderson incorporates all prior allegations.

71. By failing to pay Henderson and the FLSA Collective members overtime at 1.5 times their regular rate of pay, CDR violated the FLSA. 29 U.S.C. § 207(a).

72. CDR owes Henderson and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

73. CDR owes Henderson and the FLSA Collective members the difference between the rate actually paid for overtime hours, if any, and the proper overtime premium rate.

74. CDR knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Henderson and the Collective members the compensation owed to them under the FLSA.

75. Because CDR knew, or showed reckless disregard for whether, its pay practices violated the FLSA, CDR owes these wages for at least the past three years.

76. CDR's failure to pay compensation owed under the FLSA to Henderson and the Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

### JURY DEMAND

77. Plaintiff demands a trial by jury on all issues.

### RELIEF SOUGHT

Henderson prays for judgment against CDR as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding CDR liable for violations of federal wage laws with respect to Henderson and all FLSA Collective members covered by this case;

    c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Henderson and all FLSA Collective members covered by this case;

    d. For a judgment awarding attorneys' fees to Henderson and all FLSA Collective members covered by this case;

    e. For a judgment awarding costs of this action to Henderson all FLSA Collective members covered by this case;

  f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Henderson and all FLSA Collective members covered by this case; and

  b. For all such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

    */s/ Andrew R. Frisch*
    Andrew R. Frisch
    FBN 27777
    **MORGAN & MORGAN, P.A.**
    8151 Peters Road
    4th Floor
    Plantation, FL 33324
    Telephone: (954) WORKERS
    Facsimile: (954) 327-3013
    Email: afrisch@forthepeople.com

    -and-

    **Matthew S. Parmet**
    TX Bar # 24069719
    (*seeking admission pro hac vice*)
    **PARMET PC**
    3 Riverway, Ste. 1910
    Houston, TX 77056
    phone  713 999 5228
    matt@parmet.law

    **Attorneys for Plaintiff**