UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**BRANDOLYN HENDERSON**, individually and
on behalf of all others similarly situated,

  Plaintiff,            Case No. 22-cv-23163-DPG

v.

**CDR MAGUIRE, INC. and CDR HEALTH
CARE, INC.**,

  **Defendants.**
_____/

**PLAINTIFF'S CONSENT MOTION FOR SETTLEMENT APPROVAL
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, BRANDOLYN HENDERSON ("Plaintiff"), on behalf of herself and those similarly situated, by and through his undersigned counsel, moves for Court approval of the mutually agreed-upon terms of settlement in this action, in which Plaintiff, and those similarly situated individuals, (hereinafter "Plaintiffs") seek allegedly unpaid overtime compensation. In further support hereof, Plaintiff states as follows:

  1.  Plaintiff commenced this case on or about September 29, 2022. Plaintiff worked for Defendants as an hourly-paid nurse, and alleged she was denied overtime pay under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq*. (the "FLSA"), because Defendant paid her "straight time" for all hours worked. D.E. 1.

  2.  Plaintiff filed this case as a collective action under 29 U.S.C. § 216(b). *See id.* Plaintiff's Collective Action Complaint sought unpaid overtime compensation and liquidated damages, plus attorneys' fees and costs, on behalf of all hourly-paid nurse employees who worked for Defendants within the last three (3) years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks. *See* D.E. 1.

3. Defendants deny each of Plaintiff's allegations above and asserts that Plaintiff and those similarly situated were paid in compliance with the FLSA. *See* Defendants' Answer, D.E. 19, generally.

4. Recognizing the strengths and weaknesses of the Plaintiffs' claims and Defendants' defenses, the Parties set out to resolve the case at a relatively early stage in the case, and the Parties were able to successfully do so after several weeks of negotiations. *See* Settlement Agreement attached as **EXHIBIT 1**.

5. Prior to resolution, Defendants provided substantial amounts of data to Plaintiff's Counsel, including all data regarding pay and time records pertaining to the members of the collective within the relevant time frame.

6. After a full review of the information exchanged in this matter, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of settlement represent a fair, reasonable, and just compromise of disputed issues.

7. Pursuant to the Settlement Agreement, the total settlement amount is $115,925. This amount represents 100% of the unpaid overtime claimed ($32,962.50), an equal amount or 100% of the liquidated damages claimed ($32,962.50), and an additional $50,000 for reasonable attorneys' fees and costs that was negotiated separately and after the Parties reached resolution of the amounts payable to the Plaintiffs.

8. While Defendants deny that they violated the FLSA in any manner, the settlement provides Plaintiffs with full relief "without compromise." Moreover, because Defendants have agreed to pay Plaintiffs' reasonable attorneys' fees and costs in addition to the maximum amount due for alleged unpaid overtime and liquidated damages, each Plaintiff who elects to participate in the settlement will be receiving the maximum recovery they could obtain under the FLSA.

9. The individual collective member damages were determined by reference to Defendants' pay and time records for each Plaintiff.

10. The Notice which is to be sent explaining to each opt-in that in accepting the settlement the individual is agreeing to participate in the settlement and waive his rights. As the parties explain in more detail below, there are no due process concerns because, under the opt-in FLSA settlement process, only those individuals who have already opted in, and affirmatively agree to accept payment in connection with the matter would be bound by the settlement. If a class member chooses not to participate in the settlement, then that individual loses no rights and is free to pursue his individual claim, if desired, as he sees fit.

11. Unlike a class action, where there are absent class members and a class member may lose rights unless they opt-out, in a collective action such as this case, individuals forfeit no rights unless they choose to participate in the resolution of the claim.

12. Each opt-in will be advised in the Notice of the way in which his settlement amount will be calculated, if he chooses to participate, and of the terms of his release. The release is limited to FLSA and related wage claims, only for those who participate in the settlement. Each opt-in can then decide whether to voluntarily join the settlement. Opt-ins only release claims if they decide to voluntarily join the settlement. Any portion of the gross settlement amount not claimed by the opt-ins will be returned to Defendant.

13. Defendant has no objection to the negotiated amount of Plaintiffs' attorney's fees and costs.

## MEMORANDUM OF LAW

There are two (2) ways that FLSA overtime claims may be settled, compromised, or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th

Cir. 1982). The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

However, when an FLSA claim is settled "without compromise" the settlement can be binding on the parties, even in the absence of court approval. . "If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case ...." *Perez v. Orlando Fam. Med., Inc.,* 2021 WL 3036409, at *3 (M.D. Fla. June 10, 2021), *report and recommendation adopted,* 2021 WL 3036410 (M.D. Fla. June 25, 2021) (quoting *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)). An agreement to pay full compensation without compromise "exempts the agreement from the requirement that the Court review and approve all other terms the parties may have agreed to, and a court need not reach whether the non-cash concessions are, indeed, fair." *Jarvis v. City Elec. Supply Co.*, 2012 WL 933057, at *6 (M.D. Fla. Mar. 5, 2012), *report and recommendation*

*adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012); *see also Biscaino v. Ars Acquisition Holdings, LLC*, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011) ("Full recompense is *per se* fair and reasonable.").

When asked to review and approve the terms of a settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dial v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). This is particularly true when, as here, the parties are represented by experienced counsel. Indeed, absent fraud and collusion, the court may not only rely on the judgment of experienced counsel, but "should be hesitant to substitute its own judgment for that of counsel." *Diaz v. Hillsborough Cty. Hosp. Auth.*, 2000 WL 1682918, at *4 (M.D. Fla. Aug. 7, 2000) (quoting *Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977)). The settlement in this case was finalized after the parties engaged in protracted negotiations.. As the parties explain in more detail below, this Settlement Agreement is fair and reasonable, and should be approved.

A.    **The Agreement Is Fair and Reasonable**.

The Court should approve the Settlement Agreement because it is fair and reasonable. The settlement was negotiated at arm's-length by experienced counsel; the amount to be paid to the collective is fair and adequate; there is a significant risk to the Plaintiff Class of an adverse judgment on the merits or whether the case should proceed as a collective action; the collective

will receive adequate notice sufficient for each opt-in to assess his or her rights; and the amount of fees and cost are in line with sums previously awarded in similar cases.

This settlement is particularly fair and reasonable because, unlike a class action settlement, only those individuals who voluntarily choose to become part of the lawsuit, and thus to participate in the settlement, are bound by it. As the Parties explain more fully below, any potential class member who thinks the settlement is unfair is not obligated to participate in the settlement and is not bound by it.

**B.**     **The Settlement Is the Product of Arm's Length Negotiations and Resolves A _Bona Fide_ Dispute.**

It is the opinion of counsel for both Parties that the settlement is fair, adequate, and reasonable. As courts have repeatedly held, the Court should defer to the judgment of counsel unless there is evidence of collusion. *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-CV-79-ORL-37TBS, 2014 WL 4385593, at *3 (M.D. Fla. Sept. 4, 2014) ("Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement."). There is no evidence of collusion here.

**C.**     **The Amount To The Class Is Fair**.

Not only is the settlement the product of an adversarial, non-collusive process, but the amount to be paid to the Plaintiff Class is fair and reasonable. Each participating class member is receiving 100% of the amount claimed. Because these Plaintiffs were all paid their regular hourly rates for all of their hours worked, they claim damages (which Defendants dispute) of half of their regular rates of pay for each overtime hour. Because the amounts were calculated using actual

6

rates and actual hours worked, each collective member's share of the settlement is proportional to his actual total claimed overtime hours in the litigation.

The distribution methods are described in the Settlement Agreement and in the Notice that would be sent to each current opt-in. Only those who voluntarily agree to join the settlement would be bound by it. As stated in the Notice, any collective member who has questions about the settlement may contact Plaintiffs' counsel. More importantly, any opt-in who disagrees with the allocation or with any of the terms of the Settlement Agreement does not have to join the settlement, in which case he would not give up any rights, including not releasing any claims.

**D.**     **The Probability of Success and Decertification**.

In considering settlements, courts should weigh the probability of success, the likelihood of delay in obtaining recoveries, and the risk inherent in any litigation. *See*, *e.g.*, *Gevaerts v. TD Bank*, No. 1:14-CV-20744-RLR, 2015 WL 6751061, at *7 (S.D. Fla. Nov. 5, 2015). These factors weigh strongly in favor of approval here.

Finally, the strong likelihood that any recovery would take years also weighs in favor of approval. Indeed, public policy favors settlement, especially in complex cases such as this, where substantial resources can be conserved by avoiding time, cost, and protracted litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("…we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation"). Plaintiffs' claims are not likely to be decided until after extensive discovery and perhaps a trial. Even if they prevail, there would likely be an appeal. Absent settlement, the Plaintiff Class is not likely to see any recovery for years. That fact alone weighs strongly in favor of approval.

E. **Due Process Considerations**.

Because there are no absent class members in an FLSA collective action, a settlement under the FLSA does not require the exacting due process considerations necessary under a class action settlement. There is, for example, no need for an objection period or a fairness hearing; instead, approval may be sought on a single motion to enter a stipulated order. *See id.* at 1353. As courts have repeatedly observed, the main reason for this is that only individuals who affirmatively opt-in are bound by the settlement. Unlike class actions, where class members are bound unless they opt-out, potential members of an FLSA collective action can be bound by a settlement—or participate in any judgment—only if they opt-in. *Calderone*, 838 F.3d at 1102.

In this case, the opt-ins will only be bound if they agree to participate in the settlement. The Notice (which will be sent in Spanish to Spanish-speaking clients) will advise them of the settlement, and will advise them how to obtain and read the actual Settlement Agreement. Only if they then independently decide to participate in the settlement will they be bound by the settlement, including receiving the settlement payment and being bound by the release. Any individual who chooses not to participate is not bound in any way by the settlement or any release. That significant difference between a class action settlement and an FLSA settlement weighs in favor of approval, since the individual class members will have the opportunity to make an informed decision about whether to join the settlement, and will not be bound by it unless they affirmatively choose to do.

F. **Separately Negotiated Attorneys' Fees and Costs are Reasonable.**

Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 700 (11th Cir. 2018) (citing *Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)). "Because the parties agree to the requested rates as part of the settlement agreement, using those rates is appropriate."

*Lockwood v. CIS Servs., LLC,* 2019 WL 2226126, at *18 (M.D. Fla. May 3, 2019), *report and recommendation adopted,* 2019 WL 3383628 (M.D. Fla. June 13, 2019).

Moreover, the Court need not independently evaluate Plaintiffs' attorneys' fees and costs for reasonableness here, because they were negotiated separate and apart from Plaintiffs' recovery and Plaintiffs' are receiving full relief without compromise, with fees and costs paid in addition. *Johnson v. Gonzo Mktg. Servs., LLC,* 2021 WL 8363200, at *3 (S.D. Fla. Oct. 20, 2021) ("In the instant case the parties indicate that the attorneys' fees and costs 'were negotiated separately from and without regard to the settlement sums being paid to Plaintiff.' Neither party disputes this and as discussed above, as Plaintiff is being fully compensated for her underlying claim, there is no indication that the agreement for attorneys' fees had any negative impact on the amount of Plaintiff's recovery. Accordingly, the Court approves the Parties proposed settlement, without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel."), citing *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) (where fees negotiated separate and apart from the plaintiff's recovery the court need not independently review the fees); *Popova v. Invs. 41 LLC,* 2023 WL 346287, at *3 (S.D. Fla. Jan. 20, 2023) ("the Court may approve the Settlement Agreements without separately considering the reasonableness of the fees to be paid to Plaintiffs' counsel"); *Ambiela v. Roko Invs. 2 LLC,* 2023 WL 2244828, at *3 (S.D. Fla. Jan. 20, 2023), *report and recommendation adopted,* No. 22-61736-CIV, 2023 WL 2240445 (S.D. Fla. Feb. 27, 2023) ("[A]ttorneys' fees were agreed upon separately and without regard to the settlement amount paid to Mr. Ambiela, and finding the Agreement is otherwise reasonable on its face, the undersigned finds Mr. Ambiela's recovery was not adversely affected by the amount of fees paid to his attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fee to be paid to Mr. Ambiela's counsel.").

Here, the parties negotiated and agreed upon Plaintiffs' attorneys' fees and costs, and did so independently from negotiating Plaintiffs' recovery. Moreover, Plaintiffs are receiving full relief without compromise and thus, the settlement is inarguably clear on its face with respect to Plaintiffs' recovery. For these reasons, and in line with the above-cited authority, Plaintiffs' attorneys' fees and costs are presumptively reasonable and need not be reviewed.

**WHEREFORE**, Plaintiff and Defendants respectfully move for entry of an Order, ordering the following:

(1) That the proposed settlement is a fair and reasonable compromise of the claims asserted;

(2) That the Parties perform the Notice process and all other duties described in the Settlement Agreement executed between the Parties;

(3) That Plaintiff's Counsel be awarded attorney's fees and costs consistent with the Agreement;

(4) That this Court retains jurisdiction to enforce the terms of the settlement agreement;

(5) That the Court will dismiss the matter with prejudice and close the case; and

(6) Any other relief that this Court deems just and appropriate.

Respectfully submitted this 19th day of July, 2023,

/s/ ANDREW R. FRISCH
Andrew R. Frisch
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, Florida 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-Mail: afrisch@fortheopeople.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

/s/ ANDREW R. FRISCH
ANDREW R. FRISCH

WSACTIVELLP:14103397.1